## CIRCUIT COURT OF THE CITY OF RICHMOND

Edward F. Kane, Jr.,
and Natalie D. Kane

v.

City of Richmond

January 31, 1990

Case No. LR-3099-4

## By JUDGE RANDALL G. JOHNSON

This case is before the court on the City of Richmond's plea of governmental immunity to plaintiffs' motion for judgment. The motion for judgment alleges that the plaintiffs' home and its contents were destroyed by a fire which burned out of control as a result of the negligence of the City's Public Works Department. Specifically, plaintiffs allege that the Public Works Department was negligent in (1) not providing a sufficient water flow in the City's water supply system; (2) failing to conduct water flow tests on the water system in plaintiff's neighborhood prior to the fire, which tests, according to plaintiffs, would have disclosed the insufficient water supply; (3) not promptly dispatching one of its employees to the scene of the fire to open a closed, manually-operated water valve; and (4) failing to provide the fire department with a key to operate the closed valve and by not instructing fire department personnel on how to operate the valve. Plaintiffs claim that such negligence greatly exacerbated the damage caused by the fire, thus entitling them to recover from the City. As already noted, the City claims governmental immunity.

In response to the City's plea, plaintiffs cite the case of *Richmond v. Warehouse Corp.*, 148 Va. 60, 138 S.E. 503 (1927). In that case, plaintiff sued the City of Richmond for damages to its warehouse which resulted from the City's negligent installation and maintenance of a sprinkler system. The Supreme Court, in rejecting the City's argument that it was immune from suit, stated:

> [T]he operation of a water department for the purpose of supplying water for domestic and commercial purposes is a private or proprietary right, and for negligence in such operation, a municipality is liable in like manner as a private individual. *The fact that the water is also used for the extinguishment of fires does not change the result.* 148 Va. at 70-71 (emphasis added).

Plaintiffs in the case at bar rely on the emphasized portion of the cited language to argue that immunity is also not applicable here because the water supply in this case, like the water supply in *Warehouse Corp.*, is used for domestic and commercial purposes as well as for fighting fires. This is not a proper reading of that case.

Immediately preceding the language quoted above, the Supreme Court makes what this court feels is a clear distinction between that case and cases such as the one now before the court. Specifically, the Court stated:

> [Plaintiff] conceded that the organization and operation of a fire department for the extinguishment of fires is a governmental function for the defects of negligent operation of which the municipality is not liable, and furthermore, that it is not liable for the loss or destruction of buildings because of an inadequate supply of water, or for a failure to extinguish fires. 148 Va. at 70.

Plaintiffs argue that the above language applies to a city's fire department only and that since their motion for judgment alleges negligence on the part of

the Public Works Department, immunity does not attach. This argument ignores the clear language used by the Court. First, the Court states that a city is not liable for the "negligent operation" of its fire department. Second, a city is not liable "for the loss or destruction of buildings because of an inadequate supply of water." Third, a city is not liable for "a failure to extinguish fires." While the first item listed by the Court - negligent operation of a fire department - necessarily involves the city's fire department, the other two items do not. If the Court meant that only a *fire department's* failure to provide an adequate water supply or to extinguish fires was subject to governmental immunity, then everything after the words "and, furthermore" is meaningless. The rest of the sentence has meaning only if the City is immune for *any* failure to provide an adequate water supply to extinguish fire, no matter which department in the City was responsible for such failure. The same is true with regard to negligent failure to extinguish a fire; that is, the City is immune no matter which department actually committed the negligent act. After all, it is the City which is the legal entity, not its individual departments. Plaintiffs, in fact, must recognize this to be true since their motion for judgment names the City, not the Public Works Department, as the defendant.

The two passages from *Warehouse Corp.* quoted above, when read together, make it clear that in determining whether a municipality is immune from an action alleging simple negligence in connection with the operation and maintenance of its water supply, it is the use to which the water supply was being put, or was intended to be put, at the time of the damage or injury which controls. If the water supply was being used for domestic or commercial purposes at the time of the injury, the city is not immune, even though the water is also used for the extinguishment of fires. *Warehouse Corp., supra,* at 70-71. Conversely, if the injury results while the water supply is being used to extinguish a fire, or is intended to be used for that purpose, immunity does attach, even if the water is also used for domestic or commercial purposes. No other holding is consistent with the language of *Warehouse Corp.*

Finally, the court recognizes that other jurisdictions have repudiated the holding which this court now makes. This court, however, must follow the law as enunciated by the Supreme Court of Virginia. Because of the interpretation which this court gives to the language of *Warehouse Corp.*, the City's plea must be sustained.